A CERTIFIED TRUE COPY

ATTEST

By Bonita Bagley on Aug 13, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**

**on**

**MULTIDISTRICT LITIGATION**

**Aug 13, 2008**

FILED
CLERK'S OFFICE

**IN RE: HAWAIIAN AND GUAMANIAN CABOTAGE
ANTITRUST LITIGATION**

MDL No. 1972

**IN RE: HAWAIIAN CABOTAGE
ANTITRUST LITIGATION**

MDL No. 1970

I hereby certify that the
annexed instrument is a true
and correct copy of the original
on file in my office.
ATTEST: BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington

By _____
Deputy Clerk

**TRANSFER ORDER**

08-2603 VRW

**Before the entire Panel**: Before the Panel are two dockets involving antitrust allegations against providers of cabotage services to and from Hawaii (the Hawaii actions) and Guam (the Guam action).[1] In MDL No. 1970, plaintiff in one Northern District of California action has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the Hawaii actions in the Northern District of California. In MDL No. 1972, plaintiff in the Central District of California actions has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the Hawaii actions and the Guam action in the Northern District of California.

Two Northern District of California plaintiffs and the District of Hawaii potential tag-along plaintiff support centralization of the Hawaii actions in the Northern District of California and the District of Hawaii, respectively, but they oppose inclusion of the Guam action in MDL proceedings. The MDL No. 1970 movant and plaintiffs in the District of Oregon action and the Western District of Washington potential tag-along actions support coordination of the Guam action with the MDL proceedings, but not consolidation, in one or more of the following districts: the Northern District of California, the Western District of Washington, or the District of Oregon. Plaintiff in one Northern District of California potential tag-along action supports centralization of all actions in the Northern District of California. Defendants support centralization of all actions in the Western District of Washington.

MDL No. 1970 currently consists of four actions listed on Schedule A and pending in two districts, three actions in the Northern District of California and one action in the District of Oregon. In addition to these four actions, MDL No. 1972 currently consists of two more actions listed on Schedule B and pending in the Central District of California.[2]

---

[1]  At the hearing session in these two dockets, the Panel heard combined oral argument. Accordingly, the overlapping issues raised in these dockets are addressed in this one order.

[2]  The Panel has been notified that fourteen other related actions have been filed as follows: seven actions in the Northern District of California, five actions in the Western District of Washington, and one action each in the Central District of California and the District of Hawaii. These actions will

(continued...)

-2-

On the basis of the papers filed and hearing session held, we find that all of the actions involve common questions of fact, and that centralization under Section 1407 in the Western District of Washington will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions are brought against nearly identical defendants that are competitors in both trade routes and are alleged to have conspired to fix prices along both trade routes. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs opposed to the inclusion of the Guam action argue, *inter alia*, that (1) the Hawaii trade route is very different from the Guam trade route in terms of the amount of trade and the distance from the mainland; and (2) the Jones Act, 46 U.S.C. § 100, *et seq.*, applies differently to the two routes. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. While the trade routes have their differences, common defendants control the majority of trade to and from both Guam and Hawaii, and it is likely that factual issues and discovery regarding defendants' alleged conspiracy to fix prices of cabotage services in both markets will overlap.

We are presented with several reasonable choices for the transferee district. However, Judge Vaughn R. Walker of the Northern District of California already has two current MDLs assigned to him. We are persuaded that the Western District of Washington is the most appropriate transferee forum for this litigation. Various plaintiffs along with the defendants favor transfer there. Moreover, Judge Thomas S. Zilly has the time and experience to prudently steer this litigation.

IT IS THEREFORE ORDERED that the motion for centralization of only the Hawaii actions in MDL No. 1970 (Schedule A) is denied.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule B, encompassing MDL No. 1972, are transferred to the Western District of Washington and, with the consent of that court, assigned to the Honorable Thomas S. Zilly for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that MDL No. 1972, originally named *In re Pacific Ocean Cabotage Antitrust Litigation*, is renamed as follows: *In re Hawaiian and Guamanian Cabotage Antitrust Litigation*.

---

[2](...continued)
be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-3-

PANEL ON MULTIDISTRICT LITIGATION

_____
　　　　　John G. Heyburn II
　　　　　　　Chairman

J. Frederick Motz　　　　　Robert L. Miller, Jr.
Kathryn H. Vratil　　　　　David R. Hansen

IN RE: HAWAIIAN CABOTAGE ANTITRUST
LITIGATION                                              MDL No. 1970

### SCHEDULE A

Northern District of California

**CV8 1231**

Robert H. Steinberg v. Matson Navigation Co., et al., C.A. No. 3:08-2602
Acutron, Inc. v. Matson Navigation Co., Inc., et al., C.A. No. 3:08-2600 **CV8 1232**
50th State Distributors, Inc. v. Matson Navigation Co., Inc., et al., C.A. No. 3:08-2603

**CV8 1233**

District of Oregon

Versa Dock Hawaii, LLC v. Horizon Lines, LLC, et al., C.A. No. 3:08-631

**CV8 1234**

**IN RE: HAWAIIAN AND GUAMANIAN CABOTAGE
ANTITRUST LITIGATION**                    MDL No. 1972

## SCHEDULE B

### Central District of California

CV8 1235ₜ

Taste of Nature, Inc. v. Matson Navigation Co., Inc., et al., C.A. No. 2:08-3073
Taste of Nature, Inc. v. Matson Navigation Co., Inc., et al., C.A. No. 2:08-3650

### Northern District of California

CV8 1237ₜ

Robert H. Steinberg v. Matson Navigation Co., et al., C.A. No. 3:08-2402
Acutron, Inc. v. Matson Navigation Co., Inc., et al., C.A. No. 3:08-2600
50th State Distributors, Inc. v. Matson Navigation Co., Inc., et al., C.A. No. 3:08-2603

CV8 1236ₜ
CV8 1232ₜ
CV8 1233ₜ

### District of Oregon

Versa Dock Hawaii, LLC v. Horizon Lines, LLC, et al., C.A. No. 3:08-631

CV8 1234ₜ

**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
OFFICE OF THE CLERK

BRUCE RIFKIN
CLERK

700 STEWART ST. LOBBY LEVEL
SEATTLE, WASHINGTON 98101

August 18, 2008

Clerk, US District Court,
Northern District of California
Phillip Burton US Courthouse, 16th Floor
450 Golden Gate Avenue
San Francisco, CA 94102-3434

**IN RE: MDL 1970 HAWAIIAN CABOTAGE ANTITRUST LITIGATION**

Dear Clerk:

Enclosed is a certified copy of Transfer Order entered by the Judicial Panel on Multidistrict
Litigation. The order became effective on August 13, 2008. We have assigned individual
Western District of Washington (WAWD) case numbers to your cases to be transferred to us
as listed below.

Please send us your file along with a certified copy of your docket entries. When you send your
files, please refer to the WAWD civil action numbers C08-1231TSZ, C08-1232TSZ and C08-
1233TSZ. If you are a CM/ECF court you may provided a copy of the case by submitting
documents in PDF format on a disc along with a certified copy of the docket sheet. Please do
not email a login and password to access the case.

| Case Title | Original Case Number | WAWD Case Number |
|---|---|---|
| Robert H. Steinberg v.<br>Matson Navigation Co., et al. | CA 3:08-2402 √ρι┘ | C08-1231TSZ |
| Acutron, Inc. v.<br>Matson Navigation Co., et al. | CA 3:08-2600 √ρι┘ | C08-1232TSZ |
| 50th State Distributors, Inc. v.<br>Matson Navigation Co., et al. | CA 3:08-2603 √ρι┘ | C08-1233TSZ |

Sincerely,

BRUCE RIFKIN, CLERK

By: _Tonya Scott_

Tonya Scott, Deputy Clerk
206-370-8456